DECISION
A trial was held in this matter on February 2, 2009. Gary M. Thomas testified on his own behalf. Theresa Maul and Todd Straughn, appraisers, appeared for Defendant. Plaintiffs appealed the real market value (RMV) of the land for the 2007-08 tax year.
 I. STATEMENT OF FACTS
The subject property consists of two tax lots — land only — located in the Awbrey Butte area of Bend, Oregon. They are identified as Accounts 244355 and 251556. When Plaintiffs purchased the subject land in 2005, it was a single vacant lot of .22 acre. In February of 2006, the single lot was partitioned into two legal and buildable lots; the parties agree this action resulted in market value increases. For the January 1, 2007 assessment date, homes had been completed on both sites.
Upon appeal to the Deschutes County Board of Property Tax Appeals (BOPTA), the valuation of the structures was reduced based on actual construction costs. However, BOPTA sustained the land RMV on each account at $237,500, including $5,500 for onsite development (OSD) charges. Plaintiffs now seek a reduction to $164,888 for each lot.
Plaintiffs' presentation, in large part, consisted of comments and criticisms of the assessor's earlier data presentations. *Page 2 
Plaintiffs offered some independent sales information. This included three properties that sold and five that were on the market and offered for sale. After adjustments for time trends, Plaintiffs averaged all the data to arrive at $185 per square foot.
Defendant's appraiser offered a land residual approach based on two comparable properties. They both sold near the assessment date in the latter half of 2006. Other market-related evidence was examined at trial.
 II. ANALYSIS
ORS 308.205(1)[1] defines real market value as:
 "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."
"The court looks for arm's length sale transactions of property similar in size, quality, age and location" to the subject property in order to reach a correct RMV. Richardson v. Clackamas County Assessor, TC-MD No 020869D, WL 21263620 *3 (Mar 26, 2003).
Plaintiffs did offer some independent sales information. However, no refined adjustments were offered or explained by sworn testimony. Instead, averages were applied and mathematical computations were made. Those computations had no rational relationship to verified market activities.
Valuing a property based on sales of comparable properties is "well accepted." See Ward v. Dept. of Revenue, 293 Or 506, 511, 650 P2d 923
(1982) (citations omitted). However, "[b]ecause sales are seldom comparable in every detail, adjustments must be considered which reflect differences." Id. (citations omitted). Raw, unrefined pricing information is not enough. *Page 3 
A persuasive case cannot be made by primarily attacking the assessor's work product. Poddar v. Dept. of Rev., 18 OTR 324, 332 (2005) (citations omitted). On the other hand, Defendant's sales analysis benefitted from the observations and judgment of a trained appraiser. All necessary adjustments were explained and supported by substantial evidence.
Plaintiffs have the burden of proof and must establish their case by a "preponderance" of the evidence. See ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. of Revenue, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof * * *." Reed v. Dept. of Rev., 310 Or 260, 265,798 P2d 235 (1990). Plaintiff s have not met that statutory requirement. Accordingly, the land values on the roll must be sustained and the two appeals denied.
 III. CONCLUSION
Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeals are denied.
Dated this ___ day of August 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on August27, 2009. The Court filed and entered this document on August 27, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005. *Page 1